IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD E. SCHNIEDER,
LYDON McCANN-McCALPLINE,

   Plaintiffs,

v.

GAIL WATTS,
CLASSIFICATION SUPERVISOR N. EBB,[1]

   Defendants.

Civil Action No.: MJM-22-3065

## MEMORANDUM OPINION

In response to the above-captioned civil rights complaint, Defendants Gail Watts and Nicole Ebb filed a Motion to Dismiss (ECF 25). Following Plaintiff Lydon McCann-McCalpine's Response in Opposition (ECF 28), Defendants filed an Amended Motion to Dismiss (ECF 29). McCann-McCalpine also filed a Response in Opposition to the Amended Motion to Dismiss (ECF 31). No hearing is necessary to render a decision. *See* L. R. 105.6 (D. Md. 2023).

Also pending are Plaintiff Harold E. Schnieder's Motion to Proceed in Forma Pauperis (ECF 23) and Motion to Postpone Trials and Motions (ECF 32).

For the reasons stated below, Defendants' Motions to Dismiss shall be granted, Schnieder's Motion to Proceed in Forma Pauperis shall be granted, and his Motion to Postpone Trials and Motions shall be denied.

---

[1] The Office of the Attorney General entered its appearance in this case as an Interested Party. ECF 18. None of the Defendants are State employees. The Clerk will be directed to remove the Interested Party's entry and counsel's appearance from the docket.

## BACKGROUND

Plaintiffs Schnieder and McCann-McCalpine filed this lawsuit while incarcerated at the Baltimore County Detention Center ("BCDC"). *See* ECF 1 & 5. Plaintiffs allege that McCann-McCalpine was forced to be housed in a "3 man cell" for one year from August 2021 to August 2022. ECF 1-1 at 2. They further allege that Schnieder was similarly confined from February 2022 until July 2022. *Id*. They assert that this practice deprived them of "the minimal civilized measure of life necessities" and that it constituted cruel and unusual punishment. *Id*. Plaintiffs allege that one of the inmates in the cell was required to place his mat on the floor of the cell to sleep. *Id*.

Plaintiffs claim they were threatened with rule violations for refusing housing whenever they expressed their discontent with living in a three-man cell. ECF No. 1-1 at 3. They claim the space was so limited only one person at a time could stand up and the mattress on the floor (which Plaintiffs call a "boat") was directly in front of the toilet. *Id*. The lack of space, and the frustration it caused, heightened the risk of violence. *Id*. at 4. The conditions also prevented Plaintiffs from getting an adequate amount of exercise. *Id*. Schneider is an older man, and he preferred to sit or lay on his bunk over attempting to move around the cell, which may have placed him in danger of an assault by the other two inmates. *Id*. McCann-McCalpine "struggled to stay active in the 3 man cell due to the inmate on the boat threatening to attack him if he got close to or touched his boat." *Id*.

Plaintiffs claim their inactivity caused them to gain weight and resulted in emotional distress. *Id*. Plaintiffs further allege that they were subjected to "inadequate conditions of

2

confinement and poor air quality" on March 3, 2022.  ECF 5 at 2.  As relief, they seek monetary damages and injunctive relief.[2]  ECF 1-1 at 5; ECF 5 at 3.

## STANDARD OF REVIEW

Defendants move to dismiss the complaint.  ECF 25 & 29.  Upon review of a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A pleading must give the court and the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[2] Neither Plaintiff remains confined at BCDC, rendering their request for injunctive relief moot.

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss a civil rights complaint, the court "'must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (citation omitted).

## ANALYSIS

Defendants argue that the Complaint fails to state a claim upon which relief may be granted as it lacks any specificity regarding the alleged conditions or the alleged harm Plaintiffs suffered. ECF 25 & 29. They analyze the claims as arising under the Eighth Amendment. However, if Plaintiffs had not yet been convicted of a crime and serving a sentence at the time they were subjected to the alleged conditions, their claims must be analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiffs allege they were subjected to unconstitutional conditions of confinement between August 2021 and August 2022. ECF No. 1-1 at 6. McCann-McCalpine entered a guilty plea to manslaughter charges on March 14, 2023. *See State v. McCann-McCalpine*, Crim. Case No. C-03-CR-21-001433 (Balt. Co. Cir. Ct. April 19, 2021), available at https://casesearch.courts.state.md.us (last viewed March 5, 2024). Schnieder entered a guilty plea to assault charges on October 7, 2022. *See State v. Schneider*, Crim. Case No. C-03-CR-21-001510

(Balt. Co. Cir. Ct. April 26, 2021), available at https://casesearch.courts.state.md.us (last viewed March 5, 2024).  Thus, both Plaintiffs were pretrial detainees during the relevant period.

Plaintiffs' claim fails to withstand scrutiny under Rule 12(b)(6).  To test the sufficiency of the Complaint, the inquiry is focused on whether the alleged conditions of confinement amount to punishment of the pretrial detainee.  Due process proscribes punishment of a detainee before a proper adjudication of guilt.  *Bell*, 441 U.S. at 535, *see also Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015).  "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense."  *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538–40).  A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal.  *Bell*, 441 U.S. at 538–39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment), *see also Williamson v. Stirling*, 912 F.3d 154, 174 (4th Cir. 2018).  In determining whether the challenged conditions amount to punishment, it is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S. 472, 482–83 (1995).

Importantly, Plaintiffs' claim lacks any description of the named Defendants' knowledge that the conditions of confinement were so harsh as to amount to punishment, and there is no allegation that Defendants expressed an intent to punish Plaintiffs.  *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3rd Cir. 2008) (triple-celling of pretrial detainees did not amount to punishment because it was a consequence of overcrowding and thus did not violate Fourteenth Amendment).

Further, Plaintiffs do not allege that they suffered an injury beyond weight gain and inactivity as a result of being triple-celled.  Such injuries are insufficient to state a claim.  *See, e.g.*, *Tapp v. Proto*, 718 F. Supp. 2d 598, 617 (E.D. Pa. 2010) (where plaintiff does not allege he suffered any injuries other than general irritation from the triple-bunk conditions, Fourteenth Amendment claim fails); *DiMaio v. George W. Hill Intake Dept.*, 367 F. Supp. 3d 301, 306 (E.D. Pa. 2019) ("Housing multiple inmates in a cell . . . does not alone establish a constitutional violation" where no allegation is made that overcrowded conditions deprive plaintiff of a basic need or cause him harm).  Beyond describing the limitation of space and their trepidation in moving around the cell, Plaintiffs have not alleged conditions so severe that they amount to punishment or shock the conscience; rather, the conditions described are simply incidental to their pretrial incarceration.  *See, e.g.*, *Hay v. George Hill Corr. Facility*, 349 F. Supp. 3d 463, 467 (E.D. Pa. 2018) (vague allegation that plaintiff had to sleep on a dirty, urine-soaked floor, was bitten by bugs, and was denied clean sheets, failed to set forth a plausible claim of unconstitutional conditions of confinement); *Duran v. Merline*, 923 F. Supp. 2d 702, 715–16 (D. N.J. 2013) (allegations that three inmates were forced to share 7x12 foot cells designed for one inmate requiring plaintiff to sleep and eat meals next to an open toilet for fifteen months where he was regularly splashed with urine, feces, and other bodily fluids resulting in painful boils, rashes, and back pain state a claim sufficient to survive motion for summary judgment).

Accordingly, by separate Order, the Complaint shall be dismissed for failure to state a claim.

\_\_\_3/6/24\_\_\_  _____/S/_____
Date                                                         Matthew J. Maddox
                                                             United States District Judge